*326 OPINION of the Court, by
Judge Owsiey.
This was a sujt brought in the court below by the appellees to recover a legacy bequeathed to Mrs. Burton by the will of Andrew Wallace, deceased. The will bears date in 1779, and appears to have been admitted to record in ’ and contains a bequest to Mrs. Burton, who at that time was Martha Gilmore, of “ one hundred pounds, good and lawful money, to be let to interest until she comes of age.” Both at the date of the will and when it was admitted to probate, the current money of the state of Virginia had depreciated considerably in value, and the main points, of inquiry involved in the determination of this cause grow out of the construction of the bequest.
Whether the one hundred pounds should be denominated a bequest for that much in specie, or the current money of the country ; and if the latter, whether its value should be ascertained according to the scale of depreciation when the will was made, or at the decease of the testator, are the principal questions for consideration.
We are of opinion that by no fair rule of interpretation can the will be construed into a specie bequest. The current money of the country would clearly satisfy the words of the testator, and as a depreciation in the value of the current coin must be presumed to have been -known to him when the will was drawn, it is fair to pre *327 Sume that when he used such words lie must have intended the legacy to he paid in the current (money. The circumstance of the legacy, if so payable, and when reduced by the scale of depreciation, amounting to but an inconsiderable sum, cannot, as seems to have been supposed by the court below, affect the construction : for although it would be a small sum for the testator to require to be put out upon interest, his having so directed it ⅛ not at all strange, when it is perceived that in other parts of his will he lias bequeathed legacies of much less value: and besides, if it be considered a specie legacy, it is moreover apparent his estate was inadequate to satisfy all of his bequests.
With respect to the time when the value of the legacy should be ascertained, we suppose it should be according to the scale of depreciation at the date of the will, and not at the decease of the testator.
The statute of'1781 regulating the scale by which the value in this case must be determined; seems to have gone upon the idea of regulating the sum to be paid according to the value of the currency when the contract might be entered into; and although that statute may not expressly embrace the case of a legacy, yet in furtherance of the same idea, especially as it accords with what we suppose to have most probably been the intention of the testator, we apprehend the value of the legacy. should be scaled as at the date of the will.
With respect to interest, as the testator expressly required his executor to put the legacy out at interest, there can be no objection to the decree of the court below in requiring it to be paid.
Decree reversed, &c.
Hart kept the flave for feveral years, M’Ginnis took poffefli >n of the iUve, and Hart brought, an action of detinue and had judgment.
Rejolved, that the contract was ufurious j that Hart ihail ¿ccount for the hire of the flave, t) be let off a' giinft the money lent and intereft ; and upon the payment of the refldue, to be made by M’-Ginnis, Hart ihail be perpetually injoined.